UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HYDROBLEND, INC., <br><br> Plaintiff, <br><br> v. <br><br> NOTHUM MANUFACTURING COMPANY, et al., <br><br> Defendants. | Case No. 1:13-cv-00445-EJL <br><br> **MEMORANDUM DECISION ORDER** |

  Before the Court in the above entitled matter is the Defendant's Motion to Dismiss the First Amended Complaint. The parties have filed their responsive briefing and the matter is ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

# FACTUAL AND PROCEDURAL BACKGROUND

In September of 2009, Plaintiff Hydroblend, Inc., an Idaho corporation, and Defendant Nothum Manufacturing Company, a Missouri corporation, executed a Letter of Understanding which represented the terms and conditions of the parties' legal understanding and agreement moving forward in a joint venture for the purpose of developing and manufacturing a bread crumb applicator machine, for the industrial food processing marketplace, capable of achieving superior handling and application characteristics for Hydroblend's fresh Nama Panko coating. (Dkt. 24 at ¶ 7 and Ex. A.) The parties also executed a Term Sheet which summarized the principal terms with respect to the anticipated formation of the joint venture discussed in the Letter of Understanding. (Dkt. 24, Ex. B.)[1] Under the terms of the Agreements each party was obligated to make cash contributions as well as adhere to other duties as outlined in the Agreements.

On October 15, 2013, Hydroblend commenced this action by filing a Verified Complaint alleging claims against Nothum arising from the Agreements for: 1) Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing, 2) Breach of Fiduciary and Statutory Duties, 3) Fraud, and 4) Dissolution and Winding Up of the Joint Venture. (Dkt. 1.) The claims relate to Hydroblend's allegations that Nothum failed to perform as required by the Agreements. Generally, Hydroblend alleges Nothum did not

---

[1] The Court will refer to the Letter of Understanding and Term Sheet (Dkt. 24 Exhibits A and B) collectively as the "Agreements." When referring to only one of the documents, the Court will use the particular title of that document.

**MEMORANDUM DECISION ORDER - 2**

meet certain milestones, failed to manufacture any functional prototype machines, and did not complete regular performance reports. In addition, the claims arise from allegations that Nothum had accepted a purchase order for one machine at a price of $140,000 from King & Prince and had received a $70,000 down payment. (Dkt. 1 at ¶¶ 21-28.) Nothum allegedly never informed Hydroblend about that purchase order or down payment and no machine was ever delivered to King & Prince.

Nothum filed a Motion to Dismiss arguing the claims fail to state a cause of action as a matter of law or, alternatively, that Hydroblend should be ordered to file a more definite statement. (Dkt. 5.) In addition, Nothum has filed counterclaims against Hydroblend alleging: 1) Breach of Contract, 2) Negligent Misrepresentation, 3) Fraudulent Misrepresentation/Inducement, and 4) Breach of Fiduciary Duty. (Dkt. 20.) This Court entered an Order granting in part and denying in part Nothum's Motion, dismissing the Second and Fourth causes of action alleging statutory breach of fiduciary duty and dissolution of the joint venture. (Dkt. 23.) The Court also granted Hydroblend leave to file an amended complaint which it did on July 28, 2014. (Dkt. 23, 24.) Nothum has now filed the instant Motion to Dismiss the First Amended Complaint which the Court takes up in this Order. (Dkt. 26.)

## STANDARDS OF LAW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

# DISCUSSION

As in the prior Motion to Dismiss, Nothum generally argues that Hydroblend's claims should be dismissed because the allegations arise from the fact that the parties' joint venture was not successful. (Dkt. 26 at 2.) Hydroblend counters that this argument "ignores that the primary purpose of the joint venture was for Nothum to develop and manufacture the machines meeting the joint venture's specifications" and, thus, "the agreement was for the sale of goods manufactured by Nothum." (Dkt. 28 at 2.)

### A. Breach of Contract and Covenant of Good Faith and Fair Dealing

"The elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages." *Edged In Stone, Inc. v. Northwest Power Systems*, LLC, 321 P.3d 726, 730 (Idaho 2014) (quoting *Mosell Equities, LLC v. Berryhill & Co., Inc.*, 154 Idaho 269, 278, 297 P.3d 232, 241 (2013)). "An implied contract occurs where 'there is no express agreement but the conduct of the parties implied an agreement from which an obligation in contract exists.'" *Wandering Trails, LLC v. Bib Bite Excavation, Inc.*, No. 40124, 2014 WL 2765956, at *5 (Idaho June 18, 2014) (quoting *Forest Prod. Inc. v. Chandler Supply Co.*, 518 P.2d 1201, 1205 (Idaho 1974). "For a contract to exist, a distinct understanding that is common to both parties is necessary. An enforceable contract must be complete, definite, and certain in all of the contract's material terms." *Id.* (citations omitted). "The implied covenant of good faith and fair dealing 'requires the parties [to a contract] to perform, in good faith, the obligations required by their agreement.'" *Silicon Intern. Ore,*

*LLC v. Monsanto Co.*, 314 P.3d 593, 602 (Idaho 2013) (quoting *Fox v. Mountain W. Elec., Inc.*, 52 P.3d 848, 855–56 (Idaho 2002)).

The First Amended Complaint ("FAC') alleges the parties entered into a contract to engage in a joint venture for the purpose of developing, manufacturing, and selling bread crumb applicator machines. (Dkt. 24 at ¶ 35.) It goes on to allege that Hydroblend performed all of its obligations under the Agreements and to specify certain acts and omissions by Nothum that materially breached the terms and conditions of the Agreements as well as the implied covenant of good faith and fair dealing resulting in damages to Hydroblend. (Dkt. 24 at ¶¶ 38-39.) The claim also alleges the "contract constituted an agreement for the delivery of goods to be manufactured by Nothum." (Dkt. 24 at ¶ 37.)

Nothum's initial assertion on this claim should be dismissed because Exhibits A-C pointed to by Hydroblend cannot, as a matter of law, constitute a Uniform Commercial Code ("UCC") contract for the sale of goods. (Dkt. 26 at 3.) Those documents, Nothum argues, fail to contain the necessary material terms including: quantity, purchase price, delivery date, method of delivery, location of delivery, a clear description of the "good," and/or proper damages. Further, Nothum argues the documents do not satisfy the statute of frauds. (Dkt. 26 at 3.) Hydroblend counters that the allegations properly allege that the contract is for the sale of goods as permitted under the UCC, Idaho Code §§ 28-2-105, 28-2-106, 28-2-201. (Dkt. 28 at 5.)

The UCC applies to transactions in "goods" which are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid.... Goods must be both existing and identified before any interest in them can pass. Goods which are not both existing and identified are 'future' goods. A purported present sale of future goods or of any interest therein operates as a contract to sell." Idaho Code § 28-2-105(1), (2).

Here, Hydroblend argues the contract in this case was for the future sale of goods, specifically specially manufactured goods, and that the Term Sheet contains the required UCC terms of quantity, purchase price, delivery date, method of delivery, location of delivery, and a clear description of the goods. (Dkt. 28 at 5.) Nothum counters that the documents in this case cannot be construed to be an agreement between the parties for the purchase and sale of goods. (Dkt. 29 at 3.) The Court agrees with Nothum.

Taking the allegations as true, the documents pointed to by Hydroblend do not constitute a writing sufficient to show there was an agreement for the purchase and sale of goods between the parties in this case as defined by the UCC. The "goods" alleged by Hydroblend are the bread crumb applicator machines which were in the process of being developed or, at best, prototypes – in other words, the "goods" were not yet in existence. (Dkt. 28 at 5.) Instead, the express language of the documents states that the parties' goal was to form a joint venture whose purpose was to develop and manufacture the bread applicator machine for the industrial food processing marketplace. (Dkt. 24 at Exs. A, B.)

**MEMORANDUM DECISION ORDER - 7**

The documents do not constitute a contract for the sale of "goods" as contemplated by the UCC. *See e.g. TK Power, Inc. v. Textron, Inc.*, 433 F.Supp.2d 1058, 1062 (N.D. Cal. 2006) (holding a contract to develop a prototype did not involve "goods" and therefore the UCC did not apply). Accordingly, the Court will grant the Motion to Dismiss as to any allegation that the First Cause of Action gives rise to a UCC based breach of contract claim. For the reasons stated above, the Court also finds it appropriate to strike Paragraph 37 of the FAC.

Next, Nothum argues the contract alleged in the FAC cannot be interpreted or constructed to impose a common law duty upon Nothum requiring that it alone was to complete the development and manufacturing of the machines. (Dkt. 26 at 3.) Nothum maintains that the documents instead show that the parties created a joint venture for the purpose of jointly developing and manufacturing the machines. Further, Nothum contends the claim should be dismissed because it fails to allege the purported breaches resulted in any damage and/or the amount of any such damage. (Dkt. 26 at 4.)

Having reviewed the FAC, the parties arguments, and the entire record herein, and taking the factual allegations to be true, the Court finds the First Cause of Action in the Complaint states a plausible claim for breach of contract and/or breach of the implied covenant of good faith and fair dealing. The factual allegations in Paragraphs 35-44 allege the existence of a contract, duties and obligations imposed upon each party to the contract, and breach of the contract by Nothum's failure to perform those duties and obligations. (Dkt. 24.) In a separate section of the Complaint, Hydroblend alleges the

**MEMORANDUM DECISION ORDER - 8**

damages it claims to have incurred as those relate to this particular claim. (Dkt. 24 at ¶¶ 71-73.)[2] As stated in the ruling on the first Motion to dismiss, while Nothum disputes each of those elements exists, the fact remains that Hydroblend has alleged a plausible claim for breach of contract and/or the implied covenant of good faith and fair dealing. Whether Hydroblend's claim survives a more substantive challenge remains to be seen.

### B. Breach of Statutory Duties

The second cause of action alleges Nothum breached statutory duties to Hydroblend as provided for in Idaho Code § 53-3-404 by engaging in willful fraudulent acts and omissions; particularly in regards to Nothum's conduct as to the King & Prince purchase order and down payment. (Dkt. 24 at ¶¶ 46-47.)[3] Nothum argues this claim should be dismissed as it fails to allege that Hydroblend was damaged and/or the amount of any alleged damages resulting from a breach of the statutory duties. (Dkt. 26 at 4-5.) Hydroblend counters that the FAC contains allegations of breach and the damages suffered as a result. (Dkt. 28 at 7.)

The FAC cites Idaho Code § 53-3-404 which provides that as a general rule partnerships are governed by there partnership agreements. (Dkt. 24 at ¶ 46); *see also*

---

[2] As discussed later in this Order, the Court has dismissed certain of the damages claimed in the FAC. As to the breach of contract claim, the Court finds the damages as to Hydroblend's damages arising from its contributions to the joint venture have been sufficiently plead.

[3] The Court previously dismissed this cause of action because it was unclear what the basis is for any statutory breach of fiduciary duty claim and what allegations give rise to the claim. (Dkt. 23.)

**MEMORANDUM DECISION ORDER - 9**

Idaho Code § 53-3-404.[4] The FAC then lists the duties of loyalty and care found in the statute that Hydroblend alleges were owed to it from Nothum. (Dkt. 24 at ¶ 46.1-46.6.) Hydroblend claims Nothum breached its duties and the general standards of conduct for joint ventures in violation of the statue by: failing to account for the payment it received from King & Prince, improperly using joint venture property and information, acting adversely to the interests of the joint venture, competing with the joint venture, engaging in willfully fraudulent acts and omissions, failing to discharges its duties under the Idaho Revised Uniform Partnership Act, and failing act within its duty of good faith and fair dealing. (Dkt. 24 at ¶ 47.1-47.7.) The claim then alleges Hydroblend suffered damages as a direct and proximate result of the alleged breaches as described in the FAC's damages section. (Dkt. 24 at 48.)

The damages section of the FAC lists eight categories of damages alleged by Hydroblend. (Dkt. 24 at ¶ 72.) The Court has reviewed the damages section in the FAC and concludes that the damages claimed do not arise from the allegations supporting the claim for breach of statutory duties. This claim is centered on Nothum's dealings with Kind & Prince and, in particular, Nothum's conduct with regard to the $70,000 down

---

[4]"Because of the similarities between partnerships and joint ventures, partnership law generally governs joint ventures." *Costa v. Borges*, 179 P.3d 316, 320 (Idaho 2008) (citing 46 Am.Jur.2d Joint Ventures § 2 (2006)). "A joint adventure is generally a relationship analogous to but not identical with a partnership, and is often defined as an association of two or more persons to carry out a single business enterprise with the objective of realizing a profit." *Id.* (quoting *Stearns v. Williams*, 240 P.2d 833, 839 (Idaho 1952)); *see also Edwards v. Edwards*, 842 P.2d 299, 303 (Idaho 1992). Although a partnership is an entity distinct from its partners under the RUPA, "a joint venture is not an entity separate and apart from the parties composing it." *Costa*, 179 P.3d at 321 (quoting *Clawson v. General Ins. Co. of America*, 412 P.2d 597, 601 (Idaho1966)).

**MEMORANDUM DECISION ORDER - 10**

payment. The damages claimed, however, include Hydroblend's contribution, marketing costs, and lost profits/sales. (Dkt. 24 at ¶ 72.) Even taking the allegations in this claim as true, the damages listed in the FAC's damages section are not based on allegations showing that they arose as a result of the breach of statutory duties. The allegations regarding this claim simply do not show any plausible link to the damages sought in the FAC. As such, the Court grants the Motion to Dismiss as to this claim.

### C. Fraud

The fraud claim is also generally based on Nothum's acts and omissions with respect to the King & Prince purchase order and down payment whereby Nothum wrongfully procured and retained money belonging to the joint venture and made misrepresentations to induce Hydroblend into entering the joint venture. (Dkt. 24 at ¶¶ 49-60.) The nine elements of a fraud claim are: "(1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury." *Bank of Commerce v. Jefferson Enters., LLC*, 303 P.3d 183, 192 (Idaho 2013) (quoting *Chavez v. Barrus*, 192 P.3d 1036, 1047 (Idaho 2008)). "Fraud is to be determined from all the facts and circumstances of the case." *Penn Mut. Life Ins. Co. v. Ireton*, 65 P.2d 1032, 1039 (Idaho 1937).

A complaint that raises a cause of action for fraud requires the pleading party to satisfy the heightened pleading requirements of Rule 9(b) which states: "In alleging fraud

**MEMORANDUM DECISION ORDER - 11**

or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Rule 9(b) demands that the circumstances constituting any alleged fraud be plead "specific[ally] enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citing *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Claims of fraud must be "accompanied by the who, what, when, where, and how of the misconduct alleged." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

Nothum argues Paragraph 52 of the FAC should be stricken because it is not sufficiently particular to satisfy Rule 9(b)'s requirements and is an improper attempt to incorporate an implied duty claim. (Dkt. 26 at 5) (Dkt. 29 at 5.) Paragraph 52 states: "Nothum's representations also included a commitment to act honestly and in good faith in all of its dealings with Hydroblend and the joint venture." (Dkt. 24 at ¶ 52.) Hydroblend counters arguing there are several factual allegations to support Paragraph 52 including Nothum's wrongful procurement and retention of the $70,000 deposit from King & Prince, misrepresentations of the amount of that deposit on the purchase order, and Nothum's representations regarding its experience. (Dkt. 28 at 8.)

For the reasons stated in the Court's prior Order (Dkt. 23), the Court denies the Motion to Dismiss the fraud claim in the FAC.[5]

### D. Damages

Nothum seeks dismissal of Hydroblend's damages claims for "Lost Profit on three machines" and "Lost profit on product sales," arguing there are no factual allegations to support these claimed losses. (Dkt. 26 at 6.) Hydroblend counters that the damages alleged in the FAC are sufficient to satisfy the standards of plausibility and notice pleading. (Dkt. 28 at 9-10.)

The Court finds the damages alleged relating to Hydroblend's contributions to the joint venture, $113,408.50, are supported by factual allegations in the FAC and properly linked to the claims for breach of contract and fraud. (Dkt. 24 at ¶¶ 17, 26.) As to the remaining damages claims, however, the Court concludes there are no factual allegations to support them and they are not tied to any of the claims in the FAC such that Nothum has no notice of which causes of actions and allegations support the damages claimed. The first and only mention of damages arising from lost profits, alternative investments, and costs incurred from shows, production runs and/or demonstrations are made in the final damages section. (Dkt. 24 at ¶¶ 71-72.) A final tally of the damages alleged can suffice for a proper pleading so long as the allegations giving rise to the claimed damages

---

[5] As with the breach of contract claim, the Court finds the damages as to Hydroblend's contributions to the joint venture have been sufficiently plead with particularity as to the fraud claim – particularly as to the allegations of Nothum's misrepresentations.

**MEMORANDUM DECISION ORDER - 13**

are linked to the claims raised within the complaint. Here, the FAC does not do so in terms of the damages claimed aside from Hydroblend's contribution to the venture. For these reasons, the Court will grant the Motion to Dismiss the damages allegations in Paragraph 72 with the exception of the amount of Hydroblend's contribution to the joint venture, $113,408.50.

### E. Conclusion

The Motion to Dismiss is denied as to the common law breach of contract claim but dismissal is granted as to any allegations that the First Cause of Action gives rise to a UCC based breach of contract claim. For that reason, Paragraph 37 of the FAC is stricken. The claim for breach of statutory duties is dismissed as there are no allegations evidencing a link between the claim and any damages. The Motion to Dismiss is denied as to the fraud claim.

As to the damages section, the FAC fails to include allegations supporting the claimed damages aside from Hydroblend's contribution to the joint venture. In particular, there are no allegations supporting the damages sought for lost profits and lost product sales as well as damages relating to costs let alone allegations linking those damages to a particular claim. For this reason, the Court will grant the Motion to Dismiss as to the damages claimed with the exception of Hydroblend's contribution to the joint venture, $113,408.50. Because the allegations in the FAC plausibly show that Hydroblend's contribution damages were suffered as a result of a breach of contract and/or fraud.

Although Hydroblend has not requested leave to amend its complaint, the Court has *sua sponte* considered the parameters of Rule 15, as laid out in the Court's prior Order which is incorporated herein, that "courts should freely give leave when justice so requires." (Dkt. 23 at 19-20.) This case remains at an early stage and there is no prejudice, bad faith, or undue delay. It also does not appear that an amendment would be futile. As such, the Court will grant Hydroblend leave to file a second amended complaint on or before December 30, 2014.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1) Defendant's Motion to Dismiss or Alternative Motion for a More Definite Statement (Dkt. 26) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2) Plaintiff may file a second amended complaint on or before **December 30, 2014**.

DATED: **December 3, 2014**

Honorable Edward J. Lodge
U. S. District Judge