UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HYDROBLEND, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>NOTHUM MANUFACTURING<br>COMPANY, et al.,<br><br>     Defendants. | Case No. 1:13-cv-00445-EJL<br><br>**MEMORANDUM DECISION<br>ORDER** |

Before the Court in the above entitled matter is the Defendant's Partial Motion to Dismiss the Second Amended Complaint pursuant to Rules 9(b) and 12(b). The parties have filed their responsive briefing and the matter is ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION ORDER - 1**

## FACTUAL AND PROCEDURAL BACKGROUND

In September of 2009, Plaintiff Hydroblend, Inc., an Idaho corporation, and Defendant Nothum Manufacturing Company, a Missouri corporation, executed a Letter of Understanding which, Hydroblend argues, represented the terms and conditions of the parties' legal understanding and agreement to enter into a joint venture for the purpose of developing and manufacturing a bread crumb applicator machine, for the industrial food processing marketplace, capable of achieving superior handling and application characteristics for Hydroblend's fresh Nama Panko coating. (Dkt. 32 at ¶ 8) (Dkt. 32 at Ex. A.) The parties also executed a Term Sheet and established a Project Budget which, Hydroblend argues, summarized the principal terms with respect to the anticipated formation of the joint venture discussed in the Letter of Understanding. (Dkt. 32 at ¶¶ 8, 9) (Dkt. 32 at Ex. B, C.)[1] Under the terms of the Agreements, each party was obligated to make cash contributions as well as adhere to other duties as outlined in the Agreements.

On October 15, 2013, Hydroblend commenced this action by filing a Verified Complaint alleging claims against Nothum arising from the Agreements for: 1) Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing, 2) Breach of Fiduciary and Statutory Duties, 3) Fraud, and 4) Dissolution and Winding Up of the Joint Venture. (Dkt. 1.) Hydroblend essentially claims Nothum failed to perform as required by the Agreements which created a joint venture. Specifically, Hydroblend alleges Nothum

---

[1] The Court will refer to the Letter of Understanding and Term Sheet (Dkt. 32, Exs. A-C) collectively as the "Agreements." When referring to only one of the documents, the Court will use the particular title of that document.

**MEMORANDUM DECISION ORDER - 2**

violated the terms of the Agreements including failing to meet certain milestones, to manufacture any functional prototype machines, and to complete regular performance reports. In addition, the claims allege that Nothum had accepted a purchase order for one machine at a price of $140,000 from King & Prince and had received a $70,000 down payment which Nothum used contrary to the terms of the Agreements. Nothum denies having entered into a written joint venture agreement, disputes whether the Letter of Understanding constitutes a joint venture, and denies having otherwise breached the terms of the Agreements.

The Court previously entered an Order granting Nothum's Motion to Dismiss as to the second and fourth causes of action of the Complaint alleging breach of fiduciary and statutory duties and dissolution and winding up of the joint venture. (Dkt. 23.) Thereafter, Hydroblend filed a First Amended Complaint and Nothum filed a second Motion to Dismiss. (Dkt. 24, 26.) This Court issued an Order dismissing any UCC based breach of contract claim, the breach of statutory duties claim, and certain of the damages allegations. (Dkt. 31.) Hydroblend has now filed its Second Amended Complaint and Nothum has filed this Motion to Dismiss arguing two particular claims should be dismissed. (Dkt. 32, 33.) The Court finds as follows.

**MEMORANDUM DECISION ORDER - 3**

## STANDARDS OF LAW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

**MEMORANDUM DECISION ORDER - 4**

## DISCUSSION

Nothum argues Hydroblend's damages claim for half of a $70,000.00 deposit should be dismissed as well as its conclusory allegation in Paragraph 50(c) of the Second Amended Complaint stating that Nothum developed a machine competitive with the joint venture. (Dkt. 33.) Hydroblend counters that the Second Amended Complaint properly alleges a claim for misappropriation of the $70,000 down payment as well as the claim in Paragraph 50(c) that Nothum manufactured a competitive machine. (Dkt. 37.)

The First Cause of Action in the Second Amended Complaint raises a claim for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing. (Dkt. 32 at ¶¶ 47-61.) Paragraph 50(c) states:

> Nothum materially breached the terms and conditions of the joint venture agreement by its acts and omissions, including failing:
> ...
> c.      To refrain from developing any other machines competitive with the joint venture machines;
> ....

(Dkt. 32 at ¶ 50(c).) Nothum argues this conclusory allegation should be stricken because "Hydroblend's entire lawsuit relies on Hydroblend's allegation that no functional machine resulted from the joint venture" and there are no "other allegations relating or in any way alleging Nothum has developed a machine to be competitive with the product intended to result from the alleged joint venture." (Dkt. 33 at 4.) Hydroblend responds that it has plead sufficient facts to go forward with its claim that Nothum manufactured at least one competitive machine in breach of the parties' joint venture agreement. (Dkt. 37

**MEMORANDUM DECISION ORDER - 5**

at 6.)

Hydroblend's argument that Nothum must have manufactured at least one other machine is based primarily upon the fact that Nothum had informed Hydroblend that it had a purchase order for one machine from King & Prince and Hydroblend later learned that Nothum had received $70,000 as a down payment from King & Prince. (Dkt. 32 at ¶ 36-44.) Hydroblend argues Nothum diverted the $70,000 away from the joint venture to the purchase of other equipment by King & Prince from Nothum, but not manufactured for or acquired by the joint venture. (Dkt. 32 at ¶ 56, 70, 92, 95.) This conduct, Hydroblend seems to argue, was in violation of the parties' agreement that Nothum refrain from developing any other machines competitive with the joint venture machines. (Dkt. 32 at ¶ 19.)

Nothum counters that it was not prohibited by the joint venture from continuing to manufacture its existing line of machines but only required to "refrain from developing other machines competitive with the joint venture machines." (Dkt. 38 at 2-3.) Thus, Nothum's position appears to be that it had manufactured and sold a machine from its existing line to King & Prince which was not in breach of its agreement with Hydroblend.

Viewing the allegations in the Second Amended Complaint as true, the Court finds Hydroblend has failed to state a plausible claim for relief as alleged in Paragraph 50(c) that Nothum developed a competing machine. There is no allegation in the Second Amended Complaint that the machine King & Prince agreed to buy was a machine that

**MEMORANDUM DECISION ORDER - 6**

competes with the machine developed under the Letter of Understanding.[2] The paragraphs in the Second Amended Complaint that Hydroblend points to in support of its claim that Nothum manufactured a competitive machine, do not allege that Nothum developed any competing machine. (Dkt. 37 at 7) (citing Dkt. 32 at ¶¶ 44, 56, 70, 92, 95.) Instead, the Second Amended Complaint states that "Nothum did not manufacture a machine meeting the specifications of the joint venture" but that it manufactured "at least one machine and related equipment using joint venture funds." (Dkt. 32 at ¶ 92.) These allegations relate to Hydroblend's claim of misappropriation of funds. There are, however, no facts alleged which support a plausible claim that Nothum "developed any other machines competitive with the joint venture machines." (Dkt. 32 at ¶ 50(c).) Therefore, the Motion to Dismiss is granted as to the claim in Paragraph 50(c).

For the same reasons discussed above, the Court denies the Motion to Dismiss as to the damages claim regarding the $70,000 payment received by Nothum from King & Prince. The Second Amended Complaint states a plausible claim that the $70,000 belonged to the joint venture which Nothum improperly diverted, used, or otherwise failed to properly account for. (Dkt. 32 at ¶¶ 36-44, 56, 70, 92, 95.) The Court notes that

---

[2] Paragraph 36 of the Second Amended Complaint states that: "Sometime during 2012, Nothum informed Hydroblend that King & Prince of Redmond, Washington had issued a purchase order for one machine at a purchase price of $115,000." (Dkt. 32 at ¶ 36.) Arguably one could infer from this paragraph that the reason Nothum told Hydroblend about this purchase order because King & Prince wanted to purchase one of the machines that the parties were developing and the $70,000 down payment was, therefore, joint venture funds. That reasoning supports Hydroblend's claim for relief based on misappropriation of joint venture funds. There are, however, simply no facts that allege the machine King & Prince sought to purchase was a competing machine.

**MEMORANDUM DECISION ORDER - 7**

Nothum disputes each of these allegations; arguing there was no joint venture and the funds were not joint venture funds. Those substantive challenges, however, must be raised and decided in a different motion. For purposes of this Motion to Dismiss, the Court finds Hydroblend has stated plausible claims which may allow for recovery of damages related to the $70,000 payment received by Kind & Prince.

<u>**ORDER**</u>

**NOW THEREFORE IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** as stated herein.

DATED: **July 27, 2015**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION ORDER - 8**